THE BEAUFORT COUNTY LUMBER COMPANY v. ELIAS DAIL.

*Innocent Purchaser—Mortgage—Lien—Judicial Sale.*

The owner of land mortgaged it to A., and subsequently conveyed the right to cut timber therefrom to B. for fifteen years; thereafter A. assigned the mortgage to B., who assigned it to C., but with a verbal agreement that the timber was released from the mortgage. The last assignee foreclosed, and under the decree of sale, which contained no reference to the verbal agreement, D. purchased without notice of the agreement and received a conveyance: *Held,* that D. was an innocent purchaser, and should be protected against the operation of the agreement to release the timber.

CIVIL ACTION, heard upon case agreed at Chambers, in CRAVEN County, before *Bryan, J.,* on the __ day of____, 1892.

*Messrs. O. H. Guion* and *W. D. McIver,* for plaintiff.
*Mr. W. W. Clark,* for defendant.

CLARK, J.: The following are the facts agreed : The owner of land made a mortgage January 1, 1886, to A. without reserving the timber rights, which was duly registered on the 8th of March, 1886. Subsequently, on 23d of January, 1888, the owner of the land conveyed the right to cut the timber thereon to B. for a term of fifteen years. On 24th of January, 1888, A. assigned his mortgage and note to B. On 1st February, 1888, B. in writing, assigned the mortgage and note to C., it being verbally agreed and understood between B. and C. that the timber on said land was discharged from the lien of the mortgage. On 5th of April, 1888, C. assigned in writing, the note and mortgage to D., with a similar verbal agreement that the timber was released. D. brought an action to foreclose, and at the sale, 30th of May, 1892, under the decree in said action, the defendant bought at public auction for full value, and without notice that the timber

was agreed to be released from the mortgage, and there was no reference to such release in the pleadings or judgment.

By deed, 31st of January, 1888, and registered 3d of February, 1888, B. conveyed the right to cut timber for above term of years (as conveyed to it) to the plaintiff, who brings this action to enjoin the defendant, the purchaser under the mortgage sale, from cutting the timber. The successive assignments of the mortgage and note were in writing, but none of them were recorded, and none of them contained any agreement to release the timber, such agreements having been verbal only.

The purchaser under the mortgage had no notice, either actual or constructive, of the private agreement between the assignee of the mortgage and his assignee. This is not the case of an agreement between the mortgagor and mortgagee, which the purchaser at the mortgage sale might have ascertained by enquiry of the debtor. Nor was the purchaser required to examine the record for any conveyance executed by the mortgagor subsequent to the mortgage. On the other hand, the plaintiff, when he took the deed for the timber right from B., had it exercised reasonable care would have ascertained that the deed to B. for the same was subject to the prior mortgage under which the defendant eventually bought. The assignment of the mortgage by B. bore date prior to the registration of the conveyance of the timber right by B.

Both parties being innocent purchasers for value, the plaintiff must suffer for its negligence. Before taking the deed for the timber right, reasonable diligence required the plaintiff to see that the release of the timber right was endorsed on the mortgage, or on the margin of its registration, by the holder of the mortgage. *The Code*, § 1271. The failure of the plaintiff to have this done ought not to be allowed to prejudice the defendant, who has been guilty of no default.

PER CURIAM. No Error.