This is a petition to rehear this case decided at the last term,111 N.C. 120. The defendant purchased at a foreclosure sale made at the instance of the last assignee of the mortgage. The mortgage passed by assignment through several hands, and between some of the successive holders there was a verbal agreement that the mortgage should not embrace the timber right. But of this the defendant, purchaser under the decree of foreclosure, had no notice. There was no release at any time of the mortgage as to the timber, nor any payment on the mortgage debt. Hence the defendant got the mortgagor's title by purchase at the foreclosure sale, such as it was at the date the mortgage was executed.
Subsequently to the registration of the mortgage the mortgagor conveyed his equity of redemption in the timber on the mortgaged land to B., who afterwards became one of the assignees who in succession held *Page 276 
the mortgage. While holding both the mortgage of the land and the equity of redemption in the timber thereon, B. conveyed the equity of redemption in the timber to the plaintiff herein, but did not release the mortgage thereon by any paper executed to the mortgagor or any endorsement on the registration of the mortgage.
(354) The conveyance of the equity of redemption in the timber to the plaintiff was registered subsequently to the assignment of the mortgage to another in the line of successive holders of the mortgage. But aside from that, the conveyance of the equity of redemption in the timber to the plaintiff was not made by B., as mortgagee, though at the time holding the mortgage, because as mortgagee B. did not have the equity of redemption in the timber. The purchaser was not fixed with constructive notice of an assignment of the equity of redemption in any of the mortgaged property by any of the successive holders of the mortgage, nor was he compelled to inquire, for they had no power to make such. All he was required to do was to ascertain from the record, or by inquiry of the mortgagor, if the debt had been paid or the mortgage released in whole or in part to him by any of them. This they had not done.
When B. conveyed to plaintiff he happened at the time to be also holder by assignment of the mortgage, but he could only make a valid conveyance of the equity of redemption by virtue of its having been conveyed to him by the mortgagor. But such conveyance, as we have seen, was made subsequently to the registration of the mortgage and subject to it. This is the title which the plaintiff got, while the defendant got the mortgagor's title. The plaintiff's equity was cut off by the decree and sale of foreclosure.
Nor is there anything in the point that the note, being transferred after maturity, was subject to equities. That is true as between the mortgagor and the several assignees of the mortgage note. It has no application to this case. There were no equities in favor of the mortgagor.
PETITION DISMISSED.
(355)