BEAUFORT COUNTY LUMBER CO. *v.* ELIAS DAIL.

*Assignment of Mortgage—Verbal Release of Part of the Property—Rights of Purchaser at Foreclosure Sale.*

B, while holding by purchase from the mortgagor the equity of redemption in the timber on the mortgaged land and by assignment from the mortgagee the mortgage on the land itself, conveyed to plaintiff the equity of redemption in the timber, which conveyance was registered subsequent to an assignment by him of the note and mortgage to C, with whom there was a verbal exception of the

timber on the land. C assigned the note and mortgage with like verbal exception of the timber to D, at whose instance the land was sold in a suit for foreclosure and the defendant became the purchaser, having no actual notice of the verbal agreement concerning the timber: *Held*, (1) that the purchaser was not fixed with constructive notice of an assignment of the equity of redemption in any of the mortgaged property by any of the successive holders of the mortgage, nor was he compelled to inquire further than to ascertain from the records, or from the mortgagor, whether the debt had been paid or the mortgage released in whole or in part to him by any of the assignees of the mortgage; (2) that while the transfer of the note after maturity would have made it subject to equities as between the mortgagor and the assignees of the note, in this case none arises from that fact in favor of the plaintiff, who purchased the timber rights subject to the mortgage under which the defendant claims.

PETITION to rehear this case decided at September Term, 1892, and reported fully in 111 N. C., 120.

The petition for rehearing was as follows:

"The plaintiff petitioner respectfully requests the Court to rehear this case upon the ground that, in the hearing of the action, the Court overlooked a material point or matter, to-wit: In the opinion filed the Court say: 'On the other hand the plaintiff when he took the timber rights from 'B,' had it exercised reasonable care, would have ascertained that the deed to 'B' for the same was subject to the prior mortgage under which the defendant actually bought; and, in that, the Court say: 'Before taking the deed for the timber right, reasonable diligence required the plaintiff to see that the release of the timber right was indorsed on the mortgage or on the margin of the registration book by the holder of the mortgage, the failure of which ought not to be allowed to prejudice the defendant, who has been guilty of no default.' Both of which expressions lead the mind of your petitioner to the conclusion that the Court has overlooked the fact that 'B' at the time mentioned was owner of the mortgage and, by deed of the

mortgagor, was the owner of the timber at one and the same time; and that 'B,' so holding the deed from the mortgagor of the timber and the mortgage by assignment from the mortgagee, conveyed by deed the timber described in the mortgage (which deed was recorded within a few days after its execution) to the plaintiff, and, subsequently to such conveyance, 'B' assigned the mortgage to 'C' with notice of the sale of the timber to plaintiff. 'C' assigns to 'D' with like notice, and 'D' brings the action for foreclosure. The complaint of 'D' sets out the successive assignments, and the purchaser is bound by such notice as is therein contained; and upon inquiry the registration books of the county would disclose to him the fact that at the time 'B' held by assignment the mortgage under which the purchaser holds, he had conveyed the timber standing on the land described in the mortgage to plaintiff, which deed had been duly recorded as referred to.

"We therefore respectfully submit that the purchaser at the foreclosure sale under said mortgage could only obtain such title as the plaintiffs and defendants in the said foreclosure suit had at the time of bringing the suit, and it appears from the pleadings in that suit, aided by such inquiry as such pleadings might have been notice of, to-wit, the plight in which the property was held by any of the successive assignees under which the purchaser claims; and an examination of the record would have revealed the fact that at the time of the assignment by 'B,' the first assignee, 'B' had sold the timber on the land, by deed duly recorded, to plaintiff. His Honor also in stating the facts says: ''B' conveyed the right to cut timber for above term of years, as conveyed to it, while that deed discloses the fact of a conveyance of all the timber on the land described, without reference to the title by which 'B' held, and with a clause of special warranty; so that all

persons holding under 'B' by a title subsequent to the conveyance by 'B' to plaintiff, are estopped to deny plaintiff's title.'

"All of which we respectfully submit, and file herewith the certificate as required by law.

"OWEN H. GUION,
*"Attorney for Plaintiff Petitioner."*

*Messrs. W. D. McIver* and *O. H. Guion,* for petitioner.
*Mr. W. W. Clark, contra.*

CLARK, J.: This is a petition to rehear this case decided at the last term, 111 N. C., 120. The defendant purchased at a foreclosure sale made at the instance of the last assignee of the mortgage. The mortgage passed by assignment through several hands, and between some of the successive holders there was a verbal agreement that the mortgage should not embrace the timber right. But of this the defendant, purchaser under the decree of foreclosure, had no notice. There was no release at any time of the mortgage as to the timber, nor any payment on the mortgage debt. Hence the defendant got the mortgagor's title by purchase at the foreclosure sale, such as it was at the date the mortgage was executed.

Subsequently to the registration of the mortgage the mortgagor conveyed his equity of redemption in the timber on the mortgaged land to B, who afterwards became one of the assignees who in succession held the mortgage. While holding both the mortgage of the land and the equity of redemption in the timber thereon, B conveyed the equity of redemption in the timber to the plaintiff herein, but did not release the mortgage thereon by any paper executed to the mortgagor or any endorsement on the registration of the mortgage.

23—Vol. 112

The conveyance of the equity of redemption in the timber to the plaintiff was registered subsequently to the assignment of the mortgage to another in the line of successive holders of the mortgage. But aside from that, the conveyance of the equity of redemption in the timber to the plaintiff was not made by B, as mortgagee, though at the time holding the mortgage, because as mortgagee B did not have the equity of redemption in the timber. The purchaser was not fixed with constructive notice of an assignment of the equity of redemption in any of the mortgaged property by any of the succesive holders of the mortgage, nor was he compelled to inquire, for they had no power to make such. All he was required to do was to ascertain from the record, or by inquiry of the mortgagor, if the debt had been paid or the mortgage released in whole or in part to him by any of them. This they had not done.

When B conveyed to plaintiff he happened at the time to be also holder by assignment of the mortgage, but he could only make a valid conveyance of the equity of redemption by virtue of its having been conveyed to him by the mortgagor. But such conveyance, as we have seen, was made subsequently to the registration of the mortgage and subject to it. This is the title which the plaintiff got, while the defendant got the mortgagor's title. The plaintiff's equity was cut off by the decree and sale of foreclosure.

Nor is there anything in the point that the note, being transferred after maturity, was subject to equities. That is true as between the mortgagor and the several assignees of the mortgage note. It has no application to this case. There were no equities in favor of the mortgagor.

Petition Dismissed.